Mark G. Tratos (Bar No. 1086)
Ronald D. Green (Bar No. 7360)
Andrew D. Sedlock (Bar No. 9183)
GREENBERG TAURIG, LLP
3773 Howard Hughes Parkway, Suite 500N
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

Counsel for Plaintiff World Market Center Venture, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| World Market Center Venture, LLC, a Nevada Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>Cost Plus Management Services, Inc., a California corporation,<br><br>Defendant. | CASE NO.: 2:06-CV-01552-LDG-PAL<br><br>**PLAINTIFF WORLD MARKET CENTER VENTURE, LLC'S MOTION TO CONSOLIDATE** |

Plaintiff World Market Center Venture, LLC ("WMC"), moves the Court for an Order consolidating this Action (the "First Action") with Civil Action No. 2:07-CV-00156-LDG-PAL, which is styled as *Cost Plus Management Services, Inc. v. World Market Center Venture, LLC* (the "Second Action"), pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. This Court should consolidate the Second Action into this Action to avoid unnecessary costs and delay and because there are common questions of law and fact in both matters.

WMC supports this Motion with the following Memorandum of Points and Authorities, and all matters of record herein and in Case No. 2:07-CV-01552-LDG-PAL, all of which are incorporated herein by this reference.

/

/

/

PHX 327805095v1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION.

WMC brought this action against Defendant Cost Plus on November 30, 2006 for both a declaratory judgment that WMC's use of its WORLD MARKET CENTER mark did not infringe upon any of Defendant's protectable marks, as well as for monetary damages arising from Cost Plus' use of certain of its trademarks in contravention of WMC's state trademark rights (collectively, the "Complaint"). Although Cost Plus had actual notice of WMC's Complaint, Cost Plus inexplicably filed the Second Action with this Court on February 7, 2007 for, among other things, WMC's alleged infringement upon Cost Plus' WORLD MARKET mark and for unfair competition.

The First and Second Actions represent two sides of the same coin: both revolve around the central issue of whether WMC's WORLD MARKET CENTER mark is so similar to Cost Plus' WORLD MARKET mark such that one party's use of its mark constitutes trademark infringement of the other's. Consolidating the First and Second Actions will further the core objectives of Rule 42(a) of the Federal Rules of Civil Procedure by materially increasing efficiency, minimizing waste of judicial and party resources, and eliminating the risk to both parties of inconsistent legal rulings and factual findings concerning common issues. Both Actions present common issues of law and fact and will require substantially the same document, written and deposition discovery from the same parties and non-party witnesses. Finally, no party will be prejudiced by the consolidation of these Actions.

## II.  FACTUAL AND PROCEDURAL BACKGROUND.

### A.  Summary of Relevant Factual Background.[1]

Plaintiff WMC is the owner and developer of the World Market Center, an integrated home and hospitality contract furnishings showroom and convention complex in Las Vegas, Nevada, which held its first event on July 25, 2005. When fully built, at twelve

---

[1] The facts underlying both the First and Second Actions are set forth in more detail in WMC's First Amended Complaint, which was filed in this action on February 14, 2007.

PHX 327805095v1

million square feet in eight separate buildings, World Market Center will be the largest trade show complex in the world, at a total projected cost of two billion dollars.

The World Market Center currently holds semi-annual Las Vegas Market events, every January and July. During the Las Vegas Market, exhibitors, many of whom are different home furnishing companies, lease showroom space from WMC to display available goods to prospective purchasers. The most recent Las Vegas Market event, which was held January 29-February 2, 2006, featured 1,200 exhibiting companies and hosted more than 50,000 wholesale furniture, design and accessory buyers.

The Las Vegas Market event is a wholesale environment, and is only open to the furniture and design trades. It is not open to the general public. Further, all exhibitors and buyers must register before gaining admission to the Las Vegas Market, and authorized buyers are limited only to retailers, wholesalers, importers/exporters, designers, architects, contractors, hospitality representatives, and corporate specifiers. The buyers who are permitted access to WMC's Las Vegas Market are a sophisticated group of specialized individuals with significant experience and expertise in the home furnishing trade.

Defendant Cost Plus is a retailer seller of various household goods, including food products, furniture, and accessories. Cost Plus' stores are all publicly accessible, and upon information and belief, do not provide wholesale goods to its customers. Upon further information and belief, Cost Plus does not lease space in its stores to its vendors.

Cost Plus was established in 1958. Since that time, and based upon WMC's investigation, Cost Plus does not use the phrase "World Market" alone or apart from its COST PLUS mark in its advertising or promotional efforts. In fact, Cost Plus currently uses the phrase "World Market" in a descriptive manner as it relates to the origins of the goods sold at its retail locations. Cost Plus also incorporates Cost Plus acronyms into its stock symbol CPMW.

**B.   Summary of Relevant Procedural Background.**

Despite its likely descriptive use of the "World Market" mark, and although WMC used its WORLD MARKET CENTER mark to advertise goods and services substantially

different from those provided by Cost Plus, Cost Plus accused WMC of trademark infringement in letter correspondence dated May 26, 2006. After many months of unsuccessful settlement negotiations, WMC filed the First Action on November 30, 2006 for a declaratory judgment that WMC's use of its WORLD MARKET CENTER mark did not infringe upon Cost Plus' use of its WORLD MARKET mark. WMC also sought monetary damages arising from Cost Plus' use of its WORLD MARKET mark in contravention of WMC's established state trademark rights.

Although WMC filed the First Action, it did not immediately serve the Complaint. Instead, the parties continued to amicably pursue resolution of the growing dispute between them outside of litigation. Counsel for WMC notified counsel for Cost Plus both of the First Action, and of WMC's intentional decision not to serve the Complaint unless and until the negotiations between WMC and Cost Plus proved unsuccessful.

In February 2007, WMC and Cost Plus reached an impasse in their negotiations and, as a result, it became increasingly clear that litigation would be necessary. Rather than respond to WMC's Complaint, however, and despite knowing about the First Action, Cost Plus abruptly filed and served the Second Action in this Court on or about February 7, 2007 for, among other claims, trademark infringement and unfair competition. In response, WMC amended its Complaint on February 14, 2007, and immediately served its amended complaint upon Cost Plus. Each party timely answered the other's complaint.

### III. THE COURT SHOULD CONSOLIDATE CIVIL ACTION NO. 2:07-CV-00156-LDG-PAL INTO THIS ACTION.

Rule 42 of the Federal Rules of Civil Procedure set forth the standards for consolidating actions. Rule 42(a) provides:

> **(a) Consolidation.** When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

PHX 327805095v1

Rule 42(a), Fed.R.Civ.P.  The Court has discretion to consolidate actions where the central issues in the actions are the same, even if separate claims are asserted.  See *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989); see also *A. J. Indus., Inc. v. U.S. Dist. Court for Central Dist. of Cal.*, 503 F.2d 384, (9th Cir. 1974).  All of the elements required for consolidation are present with respect to this Action and the Second Action, which is pending as Cause No. 2:07-CV-00156-LDG-PAL.

### A.  Common questions of fact and law warrant consolidation of this Action and the Second Action.

The First and Second Actions are virtually identical factually, and therefore, consolidation of the Actions is appropriate.  Specifically, the central issue in each Action is whether WMC's WORLD MARKET CENTER mark is used in a confusingly similar manner to Cost Plus' WORLD MARKET mark such one party's use of its mark constitutes trademark infringement of the other's.  Both Actions will therefore focus on the nature and extent of each party's rights in their respective marks, their uses of those marks, and the extent of the public's actual or potential confusion between the parties as a result of each party's use of their marks.  Indeed, the claims set forth in Cost Plus' Second Action constitute compulsory counterclaims that should have been brought in the First Action.  See, e.g., *Caesars World, Inc. v. Milanian*, 247 F.Supp.2d 1171, 1201-1202 (D. Nev. 2003) ("A subsequent action cannot be maintained where the claims asserted should have been brought as compulsory counterclaims in a previous action.  … [A] counterclaim is compulsory if there is any 'logical relationship' between the claim and the counterclaim.") (internal citations omitted).

The First and Second Actions also involve identical legal issues.  Specifically, each action alleges claims for trademark infringement, and thus the Court must apply the same substantive law in both actions.  See *id.* at 1193 ("The elements necessary to make out a claim of Nevada common law trademark infringement are identical to the elements necessary under section 43(a) of the Lanham Act.") (citing cases).

PHX 327805095v1

Because the Actions are factually similar and involve the same legal issues, consolidation of the Actions is necessary in order to ensure consistency in court orders, and, eventually, any judgments or awards resolving the claims asserted in the Actions.

### B. Considerations of judicial economy warrant consolidation of this Action and the Second Action.

Consolidation of the Actions will conserve judicial resources, and is both proper and reasonable. The material factual and legal issues in the Actions are virtually identical. Accordingly, the parties' evidence and legal arguments in both Actions are identical. Consolidation will eliminate duplication of pretrial motions, pretrial hearings, and trials, as well as eliminate the need for duplicate document, written and deposition discovery. As a matter of judicial economy, the Court should consolidate this Action with Civil Action No. 2:07-CV-00156-LDG-PAL.

### IV. CONCLUSION.

For the foregoing reasons, WMC respectfully requests that the Court consolidate this Action with Civil Action No. 2:07-CV-00156-LDG-PAL for all purposes, and for such other and further relief as the Court deems just and proper.

DATED this 21st day of May, 2007.

GREENBERG TRAURIG, LLP

Mark G. Tratos (Bar No. 1086)
Ronald D. Green (Bar No. 7360)
Andrew D. Sedlock (Bar No. 9183)
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Counsel for Plaintiff World Market Center Venture, LLC

PHX 327805095v1

## CERTIFICATE OF SERVICE

I hereby certify that on May 21st, 2007, I served the foregoing **PLAINTIFF WORLD MARKET CENTER VENTURE, LLC'S MOTION TO CONSOLIDATE** on:

W. West Allen
Lewis & Roca, LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

Marcy J. Bergman
Cooper, White & Cooper
201 California Street, 17th Floor
San Francisco, CA 94111

by causing a full, true, and correct copy thereof to be sent by the following indicated method or methods, on the date set forth below:

☒ by mailing in a sealed, first-class postage-prepaid envelope, addressed to the last-known office address of the attorney, and deposited with the United States Postal Service at Las Vegas, Nevada.

☐ by hand delivery.

☐ by sending via overnight courier in a sealed envelope.

☐ by faxing to the attorney at the fax number that is the last-known fax number

☐ by electronic mail to the last known e-mail address

_/s/ Sam S. Whitehead_
An employee of Greenburg Traurig

PHX 327805095v1